ALSINA AND MORALES *v.* MATOS.

APPEAL from the District Court of Ponce.

No. 355.—Decided March 25, 1909.

APPEALABLE DECISIONS—APPEALS FROM MUNICIPAL COURTS—DISMISSAL OF AP-
  PEAL.—A decision of a district court dismissing an appeal from a municipal
  court in a matter involving the sum of $498 is appealable to the Supreme
  Court, because it is a final judgment and, therefore, included under the pro-
  visions of subdivision one of section 295 of the Code of Civil Procedure.
NOTICE OF APPEAL—PROOF OF SERVICE—UNCERTAINTY OF AFFIDAVIT.—An affidavit
  wherein the affiant says ''that he does not remember exactly whether he left
  the notice of the appeal at the residence of the attorney or at his office,'' is
  not sufficient, on account of its vagueness and uncertainty, to show that the
  notice of appeal was properly served.
MUNICIPAL COURTS—JURISDICTION—APPEAL.—A municipal court has jurisdiction
  to declare that an appeal from its judgment ''is well taken,'' or that the
  ''notice had been well served.''
INTERPRETATION OF LAWS—APPEALS FROM MUNICIPAL COURTS.—Sections 295
  *et seq.* of the Code of Civil Procedure refer to appeals from the district courts
  and are not applicable to appeals from municipal courts to district courts.
APPEALS FROM MUNICIPAL COURTS—DISMISSAL.—The fact that the appellant re-
  sorted to the municipal court that rendered the judgment, in order to contest
  the appeal because the notice had not been served, does not deprive him of his
  right to contest said appeal in the district court.
DISTRICT COURTS—APPEAL FROM THE MUNICIPAL COURTS—JURISDICTION.—District
  courts have jurisdiction to declare whether an appeal from a municipal court
  is well taken or not, although the municipal court had decided this point, as
  the former court is not obliged to accept the lower one's declaration thereon.
COURT OF APPEAL—INHERENT POWER.—It is a power inherent in every court of
  appeal to consider whether or not an appeal has been well taken.

The facts are stated in the opinion.

*Mr. Tomás Castillo* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following are the antecedents of this appeal:

These proceedings were introduced in the municipal court
of Ponce for the recovery of $498 and some cents.

The municipal court rendered judgment in favor of the
plaintiffs under date of October 26, 1908.

On November 4 of the same year the defendant filed a notice of appeal from this judgment in the office of the secretary of the said District Court of Ponce.

Service of the notice of the appeal was not made on counsel for the respondents personally, but it was left, it is alleged, at his residence the same date that it was filed and entered in the office of the secretary of the municipal court.

The respondents, through their attorney, Sepúlveda, appeared, and obtained from the municipal court an order of execution of the judgment, alleging that it was final because no appeal had been taken therefrom.

And the appellant filed a motion, accompanied by affidavits, alleging that notice of the appeal had been served and praying that the writ of execution referred to should be vacated because the appeal from the judgment was pending.

The respondent contested this motion, presenting affidavits, and, after a hearing thereon, the court made an order or decision, vacating the writ of execution referred to and holding that the appeal had been well taken. The said order of the municipal court was made and entered on November 24, 1908, and the plaintiffs did not appeal therefrom.

The transcript of the record was transmitted to the District Court of Ponce, and in due time entered in the office of the secretary.

And then, the plaintiffs and respondents, who had accepted (since they took no appeal), the order of the municipal court holding the appeal to have been well taken, appeared in the district court with another motion that it be held that the appeal was not well taken, because no notice thereof had been served and that the appeal be dismissed *eo instanti,* all of which prayers the District Court of Ponce granted, rendering judgment, which was entered on December 15, 1908, dismissing the appeal *eo instanti,* declaring the judgment of the lower court to be final and ordering that a certified copy thereof be issued for the execution thereof.

' The defendant took an appeal from this judgment to this Supreme Court of Porto Rico, under date of December 18, 1908; and on the 20th of the same month and year the transcript of the record for such appeal was received in the office of the secretary of this court.

The appellant in his brief filed in this Supreme Court formulates the questions of law which he enumerates as follows:

"(A) Whether the appeal of the defendant from the judgment of the municipal court of Ponce was or was not well taken—that is to say, whether notice thereof was served in due time upon the plaintiff and secretary of the municipal court.

"(B) Whether the municipal court of Ponce had jurisdiction to make the order or decision which it made on November 24, 1908, holding that the appeal had been well taken.

"(C) Whether the said order of November 24 was appealable and whether it became final or was accepted by reason of the fact that no appeal was taken therefrom by the plaintiffs.

"(D) Whether the District Court of Ponce, as a court of appeal in this case, had jurisdiction to decide that section two of the Act of 1908 relating to appeals from municipal courts had been violated, or whether such jurisdiction was vested in the municipal court.

"(E) Whether this point having already been decided by the municipal court by the order referred to and such order having become final and accepted, whether the District Court of Ponce had jurisdiction to reverse it as it did by its judgment of December 15, the subject of this appeal, and, finally,

"(F) Whether the final decision of the District Court of Ponce dismissing the appeal *eo instanti*, is appealable."

We will take up in the first place the last question indicated by letter F.

There is no doubt that the decision of the District Court of Ponce dated December 15, 1908, is appealable to this Supreme Court because from its nature it is of a final character inasmuch as dismissing the appeal which had been taken in the municipal court of Ponce, *eo instanti*, it put an end to the proceedings instituted. It is fully included, therefore, under the

provisions of subdivision one of section 295 of the Code of Civil Procedure in force, and accepting this we will enter upon a consideration of the other points submitted.

(a) We believe that is has not been fully established that the notice of the appeal taken in the Municipal Court of Ponce was served on counsel for the plaintiffs, because Ramón Almonte says in his affidavit, "that he does not remember exactly whether he left the notice of the appeal at the residence of Attorney Domingo Sepúlveda or at his office." This statement is very vague. Affidavits, when introduced as evidence, must contain affirmative and categorical declarations which leave no doubt in the mind.

Consequently the statement made with such vagueness is of little satisfaction.

(b) It would have been better if the Judge of the Municipal Court of Ponce had held that the "notice had been well served" instead of declaring that "the appeal had been well taken," as he did, because the former declaration was more within the spirit and letter of the second section of the act approved March 11, 1908, to regulate appeals from judgments of municipal courts in civil cases.

But in any event we do not deny the jurisdiction of the municipal court to make either declaration.

(c) It is unnecessary at the present time, to determine whether the order of the municipal court was appealable or not, but whether it was or not, it did not exercise the right on the part of the plaintiffs, did not deprive them of their right to discuss, on motion, in the District Court of Ponce, whether or not it had been fully established that the notice had been served on their counsel, Attorney Domingo Sepúlveda.

We must not loose sight of the fact that the appellant maintains that said order was appealable because it was equivalent to a special order made after a final judgment, and is said to be comprised in the provisions of subdivision three of section 295 of the Code of Civil Procedure.

But. this section and the subsequent sections of chapter two, refer to appeals to the Supreme Court from decisions of district courts and are not applicable to appeals from municipal courts to district courts.

(*d* and *e*) Undoubtedly the District Court of Ponce as a court of appeals had jurisdiction to render the judgment it did.

The decision of this point decides the others, and if they were considered it has been as a matter of courtesy to the attorney who formulated them in his brief.

The appeal is exactly what gave the District Court o˘ Ponce jurisdiction, and such court had to consider whether the appeal had been well taken or not in order to deduce whether it had the jurisdiction conferred upon it by the appeal, especially when this question was raised by motion duly argued.

This is a power inherent in every court of appeal as it has been continuously exercised by this Supreme Court.

It does not matter that the municipal judge declared that the appeal had been well taken, because the Judge of the District Court of Ponce was not obliged to accept such declaration if it were wrong in his judgment.

And as a matter of fact, it was wrong, because we have already seen that the affidavit of Ramón Almonte, which is here the fundamental one, leaves much to be desired with reference to the material fact of service of notice on Domingo Sepúlveda, the attorney for the plaintiffs and respondents.

For the reasons stated, we believe that the decision of December 15, 1908, rendered by the Judge of the District Court of Ponce, should be affirmed in every respect, with the costs of the appeal against the appellant.

*Affirmed.*

Acting Chief Justice Hernández and Justices MacLeary and Wolf concurred.